## C., N. O. & T. P. Railway Company v. Howe's Administrator.

### (Decided March 10, 1925.)

### Appeal from Grant Circuit Court.

1. Railroads—Contributory Negligence of Truck Driver Held for Jury.—In action for automobile truck driver's death at crossing, though proof showed that deceased did not stop, look, and listen on approaching crossing, where it also tended to show that statutory signals were not given, court did not err in refusing to instruct jury peremptorily to find for defendant.

2. Railroads—Instruction Requiring Additional Precaution on Approaching Dangerous Crossing Held Error.—In action for death at crossing, where crossing was an ordinary country crossing, with no obstructed view, and track was straight for some distance, an instruction that, if crossing was over a much-traveled thoroughfare, and because of its location and surroundings, unusually dangerous to travelers, and that giving of required signals was insufficient, and defendant failed to provide other methods of

warning, jury should find for plaintiff, held erroneous, as not warranted by facts.

3.   Railroads—Automobile Driver, Knowing of Approaching Train in Time, Assumes Risk in Failing to Stop.—An automobile driver, knowing of approaching train when far enough from crossing to have stopped safely, but failing to stop, assumes risk.

F. A. HARRISON for appellant.

W. A. PRICE, S. D. ROUSE and OVERTON S. HOGAN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

Cecil Howe, who was eighteen years of age, while driving a Ford truck on October 5, 1922, about 9:00 a. m. was struck and killed at what is known as the Oder crossing in Grant county, by a fast running passenger train of the C., N. O. & T. P. Railway Company. This action was brought to recover for his death, resulting in a verdict and judgment for the plaintiff for $8,000.00. The defendant appeals.

The railroad company has a double track. The Oder crossing is where these tracks cross the state highway leading from Lexington to Cincinnati. The situation is roughly shown in the following map:

Two witnesses, who were riding in a buggy, saw the smoke of the approaching train and stopped at the point 3. While they were sitting there waiting for the train to pass Howe came down the pike indicated by the figure

X, and at figure 1 turned to the right, going down to the crossing at 2, running about twelve miles an hour and reaching it just as the train reached it.   The train was running about forty-five miles an hour, going north.  The proof is uncontradicted that the train whistled for a road crossing a few feet south of the letter S and that it also whistled for the crossing at the figure 2, but the proof for the defendant tends to show that this whistle was not blown as far back as the statute requires.   The engineer saw the truck approaching the crossing and began giving short alarm whistles.   But the proof is conflicting as to how far back this was done.   The plaintiff introduced a number of witnesses, who were in a position to hear, and testified that they did not hear the bell ringing.   On the other hand the proof for the company is that the automatic bell was ringing from the time the train whistled for the first crossing.   There was nothing to obstruct the view of the approaching train.   Howe could have seen the train if he had looked, but the proof shows that the side of the cover of the truck prevented him from seeing after he made the turn at 1, unless he got up off his seat and looked behind him.

It is earnestly insisted that on these facts the court should have instructed the jury peremptorily to find for the defendant.   It is true the proof shows that Howe did not stop and look and listen after he turned toward the railroad track at 1 and that he was then 281 feet from the crossing.   But there being proof tending to show that the statutory signals required for the crossing were not given and Howe not being here to testify for himself as to the precautions he took, the court did not err in refusing to instruct the jury peremptorily to find for the defendant.   Barksdale v. Southern R. Co., 199 Ky. 592; C. & O. R. Co. v. Stone, 200 Ky. 502.

By instruction 1 the court, after telling the jury the requirements as to signals at a public crossing added this:

"And if the jury believe from the evidence that this crossing was over a much traveled thoroughfare, and because of its location and surroundings unusually dangerous to travelers and that the sounding of the whistle and ringing of the bell was not sufficient to give reasonable notice of the approach of the train to the crossing and the defendant knew this, or by the exercise of ordinary care could have

known it, then it was the further duty of the defendant and its servants in charge of the train at the time to use other means to prevent injury to travelers at said crossing as in the exercise of ordinary judgment might be considered necessary by ordinarily prudent persons operating a train."

It instructed the jury that if this was the case and the defendant failed to provide other methods to warn the traveling public of the approach of the train to the crossing, they should find for the plaintiff. This instruction was not warranted by the facts. The crossing was an ordinary country crossing. The view of the approaching train was in nowise obstructed. The track was perfectly straight southward for some distance and to apply the rule indicated to such a crossing would be to make the rule applicable, practically, to all country crossings. Piersall v. C. & O. Ry. Co., 180 Ky. 659; Milner v. Evansville, &c., Ry. Co., 188 Ky. 14.

The change indicated in instruction 1 should also be made in instruction 2 on another trial. As the judgment must be reversed for the error in the instructions the court does not now pass on the question whether the verdict is against the evidence.

On another trial the court will give this additional instruction: "If Howe knew of the approach of the train when he was far enough from the crossing to stop his truck safely before reaching it and with this knowledge did not stop, then he took the risk and the jury should find for the defendant."

Judgment reversed and cause remanded for a new trial.